**SETH N. BRODER, ESQUIRE**
**MARCUS BRODER AHART**
**121 JOHNSON ROAD**
**TURNERSVILLE, NEW JERSEY 08012**
**(856) 227-0800**
**ATTORNEY FOR DEFENDANT**

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| U.S. MATERIAL SUPPLY, INC., | : CIVIL ACTION: |
| Plaintiff, | : |
| v. | : |
| KOREA EXCHANGE BANK, | : |
| | : **COMPLAINT** |
| Defendant | : |

Plaintiff, U.S. Material Supply, Inc., by way of Complaint against Defendant, Korea Exchange Bank, says:

## BACKGROUND

1.   Plaintiff, U.S. Material Supply, Inc. (hereinafter "Plaintiff"), was, at all times relevant hereto, a corporation organized and existing under the laws of the State of New Jersey whose address is, 141 Shreve Avenue, Barrington, New Jersey 08007.

2.   Defendant, Korea Exchange Bank (hereinafter "Defendant") was, upon information and belief, at all times relevant hereto, a federally chartered bank organized and existing under the laws of the United States of America, with a principal place of business located at 460 Park Avenue 14th, New York, New York, 10022.

## FACTUAL BACKGROUND

3.   Plaintiff hereby incorporates paragraphs one through two as if set forth at length herein.

4. Plaintiff contracted with Defendant by entering into a written Letter of Credit agreement whereby Defendant was to remit payment in the sum of $338,162.40 upon Plaintiff's submission of certain documentation. A copy of said Letter of Credit is attached hereto as "Exhibit A".

5. Plaintiff submitted all requested documentation and a demand for payment to Defendant by cover letter dated April 8, 2005. A copy of said letter is attached hereto as "Exhibit B".

6. Plaintiff's invoice as submitted to Defendant requests payment in the amount of $312,000.00. A copy of the invoice is attached hereto as "Exhibit C".

7. Defendant failed to make payment to Plaintiff as required under the Letter of Credit, despite repeated demand for payment.

8. Plaintiff again made demand for payment to Defendant by letter dated April 27, 2005. A copy of said letter is attached hereto as "Exhibit D".

## COUNT ONE
## BREACH OF CONTRACT

9. Plaintiff incorporates paragraphs one through eight as if fully set forth at length herein.

10. Defendant is in breach of its contractual obligation it owes to Plaintiff as a result of its failure to make payment on the invoice submitted in the amount of $312,000.00.

11. Despite repeated demand, Defendant has continued and refused to pay Plaintiff the outstanding balance for goods and services Plaintiff provided, in direct breach of Defendant's contractual obligation.

12. Plaintiff has performed all of its obligations under the Contract with Defendant.

13. As a result of the breach, Plaintiff has been damaged in the amount of $312,000.00.

14. Pursuant to section 5-111 of the Uniform Commercial Code, Plaintiff is entitled to interest on the amount owed.

15. Pursuant to section 5-111 of the Uniform Commercial Code, Plaintiff is entitled to reasonable attorney's fees and other expenses of this litigation.

**WHERFORE,** Plaintiff demands judgment against Defendant in the amount of $312,000.00, plus accrued interest, cost of suit, and attorney's fees and any other remedy the Court may deem equitable and just.

<u>**COUNT TWO**</u>
<u>**LETTER OF CREDIT CLAIM**</u>

16. Plaintiff incorporates paragraphs one through fifteen as if fully set forth at length herein.

17. Defendant issued a Letter of Documentary Credit, Advice No. 5623ADV030911239 in the amount of $338,162.40.

18. In executing the Letter of Credit, the Defendant bound itself to pay the amounts due to Plaintiff.

19. Plaintiff has not received payment for the unpaid invoice.

20. Plaintiff has fully and completely fulfilled its obligation pursuant to its Agreement with Defendant.

21. Under the Letter of Credit, Defendant is directly and primarily liable to Plaintiff in the amount of $312,000.00.

22. Plaintiff has complied with all conditions precedent to payment under the Letter of Credit.

23. Plaintiff has demanded payment from Defendant, but Defendant has failed and refused to pay any portion of the Letter of Credit claim.

24. Pursuant to section 5-111 of the Uniform Commercial Code, Plaintiff is entitled to interest on the amount owed.

25. Pursuant to section 5-111 of the Uniform Commercial Code, Plaintiff is entitled to reasonable attorney's fees and other expenses of this litigation.

**WHEREFORE**, Plaintiff demands judgment against Defendant in the amount of $312,000.00, plus interest, costs of suit, attorney's fees and any other remedy the Court deems equitable and just.

### CERTIFICATION PURSUANT TO R. 4:5-1(b)(2)

The undersigned counsel certifies that there are no other State Court actions or arbitrations pending involving the subject matter of this controversy at this time. There are no additional known parties who should be joined to the present action.

I certify the foregoing to be true, I am aware that if the above is willfully false, I am subject to penalties under the law.

                                             **MARCUS BRODER AHART**
                                             **Attorney for Plaintiff**

Date:   5/17/05                      By: /s/Seth N. Broder
                                                   SETH N. BRODER, ESQUIRE

### DEMAND FOR JURY TRIAL

Plaintiff hereby demands a trial by jury as to all issues so triable**.**

                                             **MARCUS BRODER AHART**
                                             **Attorney for Plaintiff**

Date:   5/17/05                      By: /s/Seth N. Broder
                                                   SETH N. BRODER, ESQUIRE

## **DESIGNATION OF TRIAL COUNSEL**

      Plaintiff hereby designates Corey E. Ahart, Esquire of the law firm of Marcus Broder Ahart as trial counsel in this matter.

                                            **MARCUS BRODER AHART**
                                            **Attorney for Plaintiff**

Date:  5/17/05                              By: <u>/s/Seth N. Broder</u>
                                                  SETH N. BRODER, ESQUIRE