UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY AT CAMDEN
--------------------------------------------------------------------x
U.S. MATERIAL SUPPLY, INC.,                                         05-CV-2605 (JBS)

                                     Plaintiff,

        -against-

KOREA EXCHANGE BANK, and KEB NY
FINANCIAL CORP, as successor in interest
to Korea Exchange Bank New York Branch,

                                     Defendants.
--------------------------------------------------------------------X

**DEFENDANT KEB NY FINANCIAL CORP.'S
 BRIEF IN SUPPORT OF ITS MOTION TO DISMISS**

**JOHN M. FALZONE, JR.**
Local Attorney for defendant
KEB NY Financial Corp.
800 Inman Avenue
Colonia, New Jersey  07067
(732) 827-0670

**SILVERMAN PERLSTEIN & ACAMPORA LLP**
Attorneys for defendant
KEB NY Financial Corp.
100 Jericho Quadrangle, Suite 300
Jericho, New York  11753
(516) 479-6300

# TABLE OF CONTENTS

PRELIMINARY STATEMENT……………………………………………..…………  1

STATEMENT OF FACTS……………………………………………………………  1

ARGUMENT…………………………………………………………………………  2

I.  PLAINTIFF'S COMPLAINT FAILS TO STATE A CLAIM FOR RELIEF
AGAINST DEFENDANT KEB NY FINANCIAL CORP………………………2

  A.  For the Purposes of the Letter of Credit, Korea Exchange Bank,
  Korea Exchange Bank, New York Branch Must Be
  Considered Different Banks…………………………………………..2

  B.  As an Advising Bank, Korea Exchange Bank, New York Branch
  and thus, KEBNYF is not Liable to Plaintiff…………………………4

  C.  As an Advising Bank, Branch Cannot Be Liable to Plaintiff………..5

  D.  Plaintiff Did Not Present the Proper Documents to Branch………..6

  E.  Financial Has No Liability To Plaintiff……………………………...7

CONCLUSION……………………………………………………………………8

# TABLE OF AUTHORITIES

## FEDERAL CASES

*Brown v. City of Oneonta*, 235 F.3d 769 ...................................................................3

*Chance v. Armstrong, et al.*, 143 F.3d 698 .............................................................2

*Courtenay Communications Corporation v. Hall, et al.*, 334 F.3d 210 .............................2

*Detko v. Blimpies Restaurant, et al.*, 924 F.Supp. 555, 5 Am. Disabilities Cas. (BNA) 1555 ...................................................................................................3

*George Haug Co., Inc. v. Rolls Royce Motor Cars Inc.*, 148 F.3d 136 ...........................3

*Hospital Building Co. v. Trustees of the Rex Hospital*, 425 U.S. 738, 96 S.Ct. 1848 ..........................................................................................................2

*Kugler v. Helfant*, 421 U.S. 117, 95 S.Ct. 1524 ...................................................2

*Leather v. Ten Eyck*, 180 F.3d 420 ..................................................................2

*Merchant Bank of New York v. Credit Suisse Bank*, 585 F.Supp. 304 ............................5

*RSB Manufacturing Corp. v. Bank of Baroda*, 15 B.R. 650 ......................................5

*Rothman v. Gregor*, 220 F.3d 81 ...................................................................3

*Id.* ...............................................................................................3

*Todd v. Exxon Corp., et al.*, 275 F.3d 191 .......................................................3

*Western International Forest Products, Inc. v. Shinhan Bank*, 860 F.Supp. 151 .............4

## STATE CASES

*Oriental Pacific (U.S.A.), Inc. v. Toronto Dominion Bank*, 78 Misc.2d 819, 357 N.Y.S.2d 957 ...............................................................................4

## FEDERAL STATUTES

FRCP 12(b) ..........................................................................................2

## STATE STATUTES

UCC § 5-102   ..............................................................................................................4

**MISCELLANEOUS**

H. Harfield, Letters of Credit, at 27 ..........................................................................6

*id.* at 10-11   ............................................................................................................6

*Id.* at 654   ...............................................................................................................6

**PRELIMINARY STATEMENT**

Defendant, KEB NY Financial Corp. ("Financial") by its attorneys, moves for an order dismissing plaintiff's third claim for relief pursuant to Federal Rule of Civil Procedure ("FRCP") 12(b)(6) because it fails to allege that Korea Exchange Bank, New York Branch ("Branch"), Financial's alleged predecessor, which was solely the advising or collecting bank under plaintiffs' letter of credit, had any obligation to make payment thereunder.  Because Branch did not have any payment obligations under the letter of credit, Financial, as its alleged successor, cannot have any similar obligation.  Under those circumstances, neither Branch nor Financial have any liability to plaintiff and its third claim for relief should be dismissed in its entirety

**STATEMENT OF FACTS**

Plaintiff, U.S. Material Supply, Inc. filed this action against Korea Exchange Bank, located in Seoul, Korea, and against Financial alleging that, as beneficiary of a letter of credit, plaintiff had not been paid.  Plaintiff alleges in its complaint (**Exhibit A**) that it "contracted with Defendant Korea Exchange Bank by entering into a written Letter of Credit Agreement whereby Defendant was to remit payment, through its agent, Korea Exchange Bank New York Branch, in the sum of $338,162.40 upon Plaintiff's submission of certain documentation."  Plaintiff further alleges that it submitted the appropriate documentation to Branch, but that it was not paid, despite repeated demand.  Plaintiff also alleges that Financial is a successor to Branch, and that because the Branch did not pay upon the letter of credit, Financial, as Branch's successor, is obligated to make payment thereunder.

Although plaintiff's allegations must be accepted as true for purposes of the instant motion, the documentary evidence directly belies much of the foregoing.  First, the letter of credit (**Exhibit B**) was opened by Defense Procurement Agency Ministry of National Defense, Republic of Korea ("DPA").  Accordingly, *plaintiff* did *not* contract with Korea Exchange Bank for anything.  Rather, plaintiff was the intended beneficiary of that letter of credit.  Moreover, although plaintiff submitted certain documentation to Branch in connection with the letter of

credit, documentary evidence establishes that plaintiff did <u>not</u> present the *proper* documentation to Branch that would entitle plaintiff to receive payment as a beneficiary of the letter of credit. (**Exhibit C**).  Plaintiff was advised of the deficiencies in its documentation.  Because letters of credit are strictly construed, and because plaintiff did not present the proper documents, payment upon the letter of credit was properly denied.

Finally, Branch did not issue the letter of credit and was merely the advising or collecting bank, and not the issuing bank.  As such, Branch had no obligation to plaintiff under the letter of credit.  Thus, even if Financial is a successor to Branch (which Financial does not concede), Financial cannot be obligated to plaintiff upon the facts as alleged in the complaint because neither it nor its alleged predecessor, had any contractual obligation to plaintiff.

<u>**ARGUMENT**</u>

<u>**I.**</u>

**PLAINTIFF'S THIRD CLAIM FOR RELIEF SHOULD
BE DISMISSED AGAINST FINANCIAL BECAUSE IT FAILS
<u>TO  STATE A CLAIM UPON WHICH RELIEF CAN BE GRANTED</u>**

**A.**     <u>**Standard for Dismissal of a Complaint**</u>

FRCP 12(b)(6) provides for dismissal of a complaint for "failure to state a claim upon which relief can be granted".  FRCP 12(b)(6).  A motion to dismiss under FRCP 12(b)(6) examines only the legal sufficiency of the complaint and does not make any factual determinations.  <u>See</u> <u>Hospital Bldg. Co. v. Trustees of the Rex Hosp.</u>, 425 U.S. 738, 96 S.Ct. 1848 (1976); <u>Kugler v. Helfant</u>, 421 U.S. 117, 125 n.5, 95 S. Ct. 1524 (1975); <u>Leather v. Ten Eyck</u>, 180 F.3d 420 (2nd Cir. 1999). A court must accept the factual allegations in the complaint as true and dismiss a claim when a plaintiff can prove no set of facts in support of his claim that would entitle him relief. <u>See</u> <u>Courtenay Communications Corporation v. Hall, et al.</u>, 334 F.3d 210, 213 (2nd Cir. 2003); <u>Chance v. Armstrong, et al.</u>, 143 F.3d 698, 700 (2nd Cir. 1998).

On a motion to dismiss pursuant to FRCP 12(b)(6), "[w]hen a federal court reviews the sufficiency of a complaint, before the reception of any evidence . . ., its task is necessarily a limited one.  The issue is not whether a plaintiff will ultimately prevail but whether the claimant is entitled to offer evidence to support the claims."  George Haug Co., Inc. v. Rolls Royce Motor Cars Inc., 148 F.3d 136, 138 (2nd Cir. 1998).  Vague, general or conclusory allegations, cannot survive a motion to dismiss.  See Brown v. City of Oneonta, 235 F.3d 769 (2nd Cir. 2000). Although the pleading standard is relatively easy for plaintiffs to meet, "[i]t is not . . . proper to assume that the [plaintiffs] can prove facts that [they have] not alleged or that defendants have violated [laws] in ways that have not been alleged." Todd v. Exxon Corp., et al., 275 F.3d 191 (2nd Cir. 2001); see also Detko v. Blimpies Restaurant, et al., 924 F.Supp. 555, 557, 5 Am. Disabilities Cas. (BNA) 1555 (S.D.N.Y. 1996) ("A plaintiff need not come forward with proof of its allegations.  A plaintiff must, however, allege facts that taken as true constitute a claim").

"In reviewing a motion to dismiss under Rule 12(b)(6), courts must 'accept as true the factual allegations of the complaint, and draw all inferences in favor of the pleader.' Review must be limited to the complaint and documents attached or incorporated by reference thereto. Kramer v. Time Warner, Inc., 937 F.2d 767, 773 (2d Cir. 1991). In this context, the Second Circuit has held that a complaint is deemed to "include . . . documents that the plaintiffs either possessed or knew about and upon which they relied in bringing the suit. Rothman v. Gregor, 220 F.3d 81, 88 (2d Cir. 2000)." G-I Holdings v. Baron & Budd, 238 F.Supp.2d 521, 534 (S.D.N.Y. 2001)(citations omitted).

"A complaint may only be dismissed when 'it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief.'" Id. (citations omitted).

**B.   For the Purposes of the Letter of Credit, Korea Exchange
      Bank And Branch Must Be Considered To Be Different Banks**

The letter of credit by its terms provides that it is subject to UCP 500.  When parties incorporate UCP 500 in a letter of credit, its terms have the force and effect of law.  Oriental Pacific (U.S.A.), Inc. v. Toronto Dominion Bank, 78 Misc.2d 819, 357 N.Y.S.2d 957; see, also, Western International Forest Products, Inc. v. Shinhan Bank, 860 F. Supp. 151 (S.D.N.Y. 1994). In New York, the Uniform Commercial Code expressly provides that it is *not* applicable to letters of credit incorporating the UCP.  UCC § 5-102(d).  In this case, the letter of credit specifically incorporates UCP 500.

Article 2 of UCP 500 provides as follows:

> **Article 2**
> Meaning of Credit
>
> For the purposes of these Articles, the expressions "Documentary Credit(s)" and "Standby Letter(s) of Credit" (hereinafter referred to as "Credit(s)") mean any arrangement, however named or described, whereby a bank (the "Issuing Bank") acting at the request and on the instructions of a customer (the "Applicant") or on its own behalf,
>
> I.     is to make payment to or to the order of a third party(the "Beneficiary"), or is to accept and pay bills of exchange (Draft(s)) drawn by the Beneficiary, or
> II.    authorise **another bank** to effect such payment, or to accept and pay such bills of exchange (Draft(s)), or
> III.   authorise **another bank** to negotiate, against stipulated document(s), provided that the terms and conditions of the Credit are complied with.
>
> **For the purposes of these Articles, branches of a bank in different countries are considered another bank.**  (all emphasis added.)

There are good reasons in international documentary credit practice to treat branches of the same bank in different countries as separate entities.  Among them is the lack of information about the transaction, the undue burden placed on branches that have little or no participation in the transaction, and the financial costs of having to deal with such transactions.  Consider the hardship and havoc that would occur if a party to a letter of credit were allowed to sue in an overseas Court simply because the bank that issued the letter of credit happened to have a

branch situated in that country.  Keeping that potential hardship in mind, the UCP 500 drafters provided in the general provisions and definitional sections that branches of the same bank in different countries are to be considered "another bank."  That delineation is meant to confer jurisdiction on the Court where the concerned branch is situated, and not on a foreign Court where another branch of the same bank may be located to avoid hardship to the other branches of a bank.

Thus, for the purposes of the letter of credit in this case, Branch must be considered to be "another bank" entirely separate and apart from Korea Exchange Bank, with independent rights and obligations.

**C.     As an Advising Bank, Branch Cannot Be Liable to Plaintiff**

UCP 500, Article 7 sets forth an advising bank's obligation in a letter of credit transaction. It provides in pertinent part:

> **Article 7**
> Advising Bank's Liability
>
> a       A Credit may be advised to a Beneficiary through another bank (the "Advising Bank") without engagement on the part of the Advising Bank, but that bank, if it elects to advise the Credit shall take reasonable care to check the apparent authenticity of the Credit which it advises.  If the bank elects not to advise the Credit, it must so inform the Issuing Bank without delay.

Accordingly, pursuant to UPC 500, an advising, or collecting bank's role is confined to transmitting the letter of credit itself and making sure that it is authentic.  It assumes no liability to the party addressed, except liability for accurate transmission.  Merchant Bank of New York v. Credit Suisse Bank, 585 F.Supp. 304 (S.D.N.Y. 1984).

In RSB Manufacturing Corp. v. Bank of Baroda, 15 B.R. 650 (S.D.N.Y. 1981), the beneficiary of two letters of credit issued by the Bombay, India branch of Bank of Baroda appealed a bankruptcy court decision that granted the bank's motion to dismiss.  In that case, the bankruptcy court concluded that the bank's New York office, that acted in the role of an

advising bank, was not liable on the two credits.  In upholding the bankruptcy court's decision the District Court stated:

> While it would be necessary to find the New York branch a separate corporate entity in order to shield it from lawsuits to enforce obligations performable at other branches, such a finding is not necessary to limit the place of performance to single branch. The designation of a place of performance is a substantive matter within the control of the parties. Here, the Bombay branch of Baroda entered into a contractual obligation to pay when it assumed the role of issuing bank.  See H. Harfield, Letters of Credit, at 27 (1979).  Baroda's use of its own New York branch did not extend its undertaking because that branch was only to serve the limited, neutral role of advising and paying bank.  Without question, the advising and paying bank does not assume any liability to the beneficiary (other than liability for the accuracy of the advising communication).  See id. at 10-11; UCP Art. 3.  Since the New York branch did not confirm the credit, the original contractual obligation was not enlarged, and the situs of the obligation remained Bombay.  Id. at 654.

Here, the complaint, and the exhibits annexed hereto establish that Branch merely acted as an advising bank for the letter of credit.  Branch's advice states in unequivocal language that "at the request of the issuing bank, we are pleased to enclose the authenticated letter of credit…" Branch's liability, therefore, must be judged solely on its role as the advising bank of the letter of credit.  Accordingly, in this case, as in RSB, Branch, served in the limited role of an advising bank, and like in RSB, should not, and is not responsible to plaintiff to pay upon the letter of credit.

**D.      Plaintiff Did Not Present the Proper Documents**

Annexed hereto as **Exhibit C** is a copy of the written notification advising plaintiff that it had not properly presented the documents sufficient to warrant payment pursuant to the strict terms of the letter of credit.  Thus, although plaintiff has alleged that it presented the proper documents, that allegation is directly belied by documentary evidence submitted herewith. Accordingly, because the proper documents were never presented by plaintiff, it is not entitled to be paid as beneficiary upon the letter of credit.

**E.     Financial Has No Liability To Plaintiff**

As demonstrated above, because Branch acted merely as the advising bank and performed all of its obligations, if any, to plaintiff in that capacity.  Even assuming that plaintiff's contention that Financial is the successor to Branch is accepted (an allegation that Financial disputes), because Branch does not have any liability to plaintiff, Financial cannot have any liability to plaintiff.  Accordingly, plaintiff's third claim for relief should be dismissed.

**<u>CONCLUSION</u>**

This Court should dismiss this action as against Financial for failure to state a valid claim for relief.  Plaintiff only seeks to impose liability upon Financial based upon it is an alleged successor in interest to Branch.  But because Branch was an advising or collecting bank, it has no liability to plaintiff upon the letter of credit.  Moreover, plaintiff's complaint, although deemed to be true, fails to allege that plaintiff complied with the strict terms of the letter of credit.  Branch supplied plaintiff with a documented response establishing that plaintiff did not comply with the terms of the letter of credit that would entitle it to payment thereunder.  Thus, there is documentary evidence that belies plaintiff's entire complaint.

Dated: Colonia, New Jersey
       October 5, 2005                  Respectfully submitted,

                                        **JOHN M. FALZONE, JR.**
                                        Local Attorney for KEB NY Financial Corp.

                        By:     **s/John M. Falzone, Jr.**
                                        John M. Falzone, Jr.
                                        800 Inman Avenue
                                        Colonia, New Jersey  07067
                                        (732) 827-0670

Dated:  Jericho, New York             **SILVERMAN PERLSTEIN & ACAMPORA LLP**
       October 5, 2005                  Attorneys for defendant KEB NY Financial Corp.

                        By:     **s/Robert J. Ansell**
                                          Robert J. Ansell
                                        A Member of the Firm
                                        100 Jericho Quadrangle, Suite 300
                                        Jericho, New York 11753
                                        (516) 479-6300