SETH N. BRODER, ESQUIRE
MARCUS BRODER AHART
121 JOHNSON ROAD
TURNERSVILLE, NEW JERSEY 08012
(856) 227-0800
ATTORNEY FOR PLAINTIFF

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| U.S. MATERIAL SUPPLY, INC., : | CIVIL ACTION: 05-CV-2605 (JBS) |
| Plaintiff, : | |
| v. : | |
| KOREA EXCHANGE BANK NEW YORK : BRANCH, and KEB NY FINANCIAL : CORP. : | AMENDED COMPLAINT |
| Defendants : | |

Plaintiff, U.S. Material Supply, Inc., by way of Complaint against Defendants, Korea Exchange Bank New York Branch and KEB NY Financial Corp., says:

## BACKGROUND

1.  Plaintiff, U.S. Material Supply, Inc. (hereinafter "Plaintiff"), was, at all times relevant hereto, a corporation organized and existing under the laws of the State of New Jersey whose address is, 141 Shreve Avenue, Barrington, New Jersey 08007.

2.  Defendant, Korea Exchange Bank New York Branch was, upon information and belief, at all times relevant hereto, a federally chartered bank organized and existing under the laws of the United States of America, with a principal place of business located at 460 Park Avenue 14th, New York, New York, 10022.

3. Defendant, KEB NY Financial Corp. was, upon information and belief, at all times relevant hereto, a wholly-owned affiliate of Korea Exchange Bank, organized and existing under the laws of the United States of America, with a principal place of business located at 460 Park Avenue, New York, New York, 10022.

## FACTUAL BACKGROUND

4. Plaintiff hereby incorporates paragraphs one through three as if set forth at length herein.

5. Plaintiff contracted with Defendant Korea Exchange Bank New York Branch by entering into a written Letter of Credit agreement whereby Defendant was to remit payment in the sum of $338,162.40 upon Plaintiff's submission of certain documentation. A copy of said Letter of Credit is attached hereto as "Exhibit A".

6. Plaintiff submitted all requested documentation and a demand for payment to Defendant Korea Exchange Bank New York Branch by cover letter dated April 8, 2005. A copy of said letter is attached hereto as "Exhibit B".

7. Plaintiff's invoice as submitted to Defendant Korea Exchange Bank New York Branch requests payment in the amount of $312,000.00. A copy of the invoice is attached hereto as "Exhibit C".

8. Defendant Korea Exchange Bank New York Branch failed to make payment to Plaintiff as required under the Letter of Credit, despite repeated demand for payment.

9. Plaintiff again made demand for payment to Defendant Korea Exchange Bank New York Branch by letter dated April 27, 2005. A copy of said letter is attached hereto as "Exhibit D".

## COUNT ONE
## BREACH OF CONTRACT

10.     Plaintiff incorporates paragraphs one through nine as if fully set forth at length herein.

11.     Defendant Korea Exchange Bank New York Branch is in breach of its contractual obligation it owes to Plaintiff as a result of its failure to make payment on the invoice submitted in the amount of $312,000.00.

12.     Despite repeated demand, Defendant Korea Exchange Bank New York Branch has continued and refused to pay Plaintiff the outstanding balance for goods and services Plaintiff provided, in direct breach of Defendant Korea Exchange Bank New York Branch's contractual obligation.

13.     Plaintiff has performed all of its obligations under the Contract with Defendant Korea Exchange Bank New York Branch.

14.     As a result of the breach, Plaintiff has been damaged in the amount of $312,000.00.

15.     Pursuant to section 5-111 of the Uniform Commercial Code, Plaintiff is entitled to interest on the amount owed.

16.     Pursuant to section 5-111 of the Uniform Commercial Code, Plaintiff is entitled to reasonable attorney's fees and other expenses of this litigation.

**WHERFORE,** Plaintiff demands judgment against Defendant Korea Exchange Bank New York Branch in the amount of $312,000.00, plus accrued interest, cost of suit, and attorney's fees and any other remedy the Court may deem equitable and just.

## COUNT TWO
## LETTER OF CREDIT CLAIM

17. Plaintiff incorporates paragraphs one through sixteen as if fully set forth at length herein.

18. Defendant Korea Exchange Bank New York Branch issued a Letter of Documentary Credit, Advice No. 5623ADV030911239 in the amount of $338,162.40.

19. In executing the Letter of Credit, the Defendant Korea Exchange Bank New York Branch bound itself to pay the amounts due to Plaintiff.

20. Plaintiff has not received payment for the unpaid invoice.

21. Plaintiff has fully and completely fulfilled its obligation pursuant to its Agreement with Defendant Korea Exchange Bank New York Branch.

22. Under the Letter of Credit, Defendant Korea Exchange Bank New York Branch is liable to Plaintiff in the amount of $312,000.00.

23. Plaintiff has complied with all conditions precedent to payment under the Letter of Credit.

24. Plaintiff has demanded payment from Defendant Korea Exchange Bank New York Branch, but Defendant Korea Exchange Bank New York Branch has failed and refused to pay any portion of the Letter of Credit claim.

25. Pursuant to section 5-111 of the Uniform Commercial Code, Plaintiff is entitled to interest on the amount owed.

26. Pursuant to section 5-111 of the Uniform Commercial Code, Plaintiff is entitled to reasonable attorney's fees and other expenses of this litigation.

**WHEREFORE**, Plaintiff demands judgment against Defendant Korea Exchange Bank New York Branch in the amount of $312,000.00, plus interest, costs of suit, attorney's fees and any other remedy the Court deems equitable and just.

## COUNT THREE
## SUCCESSOR LIABILITY CLAIM

27. Plaintiff incorporates paragraphs one through twenty-six as if fully set forth at length herein.

28. Defendant Korea Exchange Bank New York Branch transferred all of its assets and liabilities to Defendant KEB NY Financial Corp. in 2004

29. Upon the transfer of all assets and liabilities of Defendant Korea Exchange Bank New York Branch to Defendant KEB NY Financial Corp., Defendant KEB NY Financial Corp. became successor in liability for all claims against Defendant Korea Exchange Bank New York Branch.

30. As successor in liability, Defendant KEB NY Financial Corp. is obligated to make payment on the Letter of Credit issued by Defendant Korea Exchange Bank New York Branch.

31. Pursuant to section 5-111 of the Uniform Commercial Code, Plaintiff is entitled to interest on the amount owed.

32. Pursuant to section 5-111 of the Uniform Commercial Code, Plaintiff is entitled to reasonable attorney's fees and other expenses of this litigation.

**WHEREFORE**, Plaintiff demands judgment against Defendant KEB NY Financial Corp. in the amount of $312,000.00, plus interest, costs of suit, attorney's fees and any other remedy the Court deems equitable and just.

## CERTIFICATION PURSUANT TO R. 4:5-1(b)(2)

The undersigned counsel certifies that there are no other State Court actions or arbitrations pending involving the subject matter of this controversy at this time. There are no additional known parties who should be joined to the present action.

I certify the foregoing to be true, I am aware that if the above is willfully false, I am subject to penalties under the law.

                                                    **MARCUS BRODER AHART**
                                                    **Attorney for Plaintiff**

Date:  6/16/05                               By: /s/Seth N. Broder
                                                      SETH N. BRODER, ESQUIRE

## Duty to Avoid Unnecessary Costs of Services to Summons

Rule 4 of the Federal Rules of Civil Procedure requires certain parties to cooperate in saving unnecessary costs of service of the Summons and Complaint. A defendant located in the United States who, after being notified of an action and asked by a plaintiff located in the United States to waive service of a Summons, fails to do so will be required to bear the cost of such services unless good cause be shown for its failure to sign and return the waiver.

It is not good cause for a failure to waive service that a party believes that a Complaint is unfounded, or that the action has been brought in an improper place or in a court that lacks jurisdiction over the subject matter of the action or over its person or property. A party who waives services of the Summons retains all defenses and objections (except any related in the Summons or to the service of the Summons), and may later object to the jurisdiction of the court or to the place where the action has been brought.

A defendant who waives service must within the time specified on the waiver form serve on the Plaintiffs' attorney (or unrepresented Plaintiff) a response to the Complaint and must also file a signed copy of the response with the Court. If the Answer or motion is not served within this time, a default judgment may be taken against that defendant. By waiving service, a defendant is allowed more time to answer than if the Summons had been actually served when the request for waiver of service was received.

MARCUS, BRODER, AHART
ATTORNEYS AT LAW
121 Johnson Road
Turnersville, NJ 08012

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| U. S. MATERIAL SUPPLY, INC., <br><br> Plaintiff <br><br> vs. <br><br> KOREA EXCHANGE BANK NEW YORK BRANCH, and KEB NY FINANCIAL CORP., <br><br> Defendant. | Civil Action No: 05-cv-2605 <br><br><br> WAIVER OF SERVICE OF SUMMONS |

To:   Seth N. Broder, Esquire
　　　Marcus Broder Ahart, P.C.
　　　121 Johnson Road
　　　Turnersville, NJ 08012
　　　Attorneys for Plaintiff

　　　I acknowledge receipt of your request that I waive service of a summons in the action of U. S. Material Supply, Inc. v. Korea Exchange Bank New York Branch, and KEB NY Financial Corp. which is case number 05-2605 in the United States District Court for the District of New Jersey. I have also received a copy of the Complaint in the action, two copies of this instrument, and a means by which I can return the signed waiver to you without cost to me.

　　　I agree to save the cost of service of a Summons and an additional copy of the Complaint in this lawsuit by not requiring that I (or the entity on whose behalf I am acting) be served with judicial process in the manner provided by Rule 4.

　　　I (or the entity on whose behalf I am acting) will retain all defenses or objections to the lawsuit or to the jurisdiction or venue of the court except for objections based on a defect in the Summons or in the service of the Summons.

　　　I understand that a judgment may be entered against me (or the entity on whose behalf I am acting) if an Answer or motion under Rule 12 is not served upon you within 60 days after or within 90 days after that date if the request was sent outside the United States.

Date: July _____, 2005          _____

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| U. S. MATERIAL SUPPLY, INC.,<br><br>  Plaintiff<br><br>vs.<br><br>KOREA EXCHANGE BANK NEW YORK BRANCH, and KEB NY FINANCIAL CORP.,<br><br>  Defendant. | Civil Action No: 05-cv-2605<br><br><br><br>WAIVER OF SERVICE OF SUMMONS |

  To: Seth N. Broder, Esquire
     Marcus Broder Ahart, P.C.
     121 Johnson Road
     Turnersville, NJ 08012
     Attorneys for Plaintiff

  I acknowledge receipt of your request that I waive service of a summons in the action of U. S. Material Supply, Inc. v. Korea Exchange Bank New York Branch, and KEB NY Financial Corp. which is case number 05-2605 in the United States District Court for the District of New Jersey. I have also received a copy of the Complaint in the action, two copies of this instrument, and a means by which I can return the signed waiver to you without cost to me.

  I agree to save the cost of service of a Summons and an additional copy of the Complaint in this lawsuit by not requiring that I (or the entity on whose behalf I am acting) be served with judicial process in the manner provided by Rule 4.

  I (or the entity on whose behalf I am acting) will retain all defenses or objections to the lawsuit or to the jurisdiction or venue of the court except for objections based on a defect in the Summons or in the service of the Summons.

  I understand that a judgment may be entered against me (or the entity on whose behalf I am acting) if an Answer or motion under Rule 12 is not served upon you within 60 days after or within 90 days after that date if the request was sent outside the United States.

Date: July _____, 2005           _____

MARCUS, BRODER, AHART
ATTORNEYS AT LAW
121 Johnson Road
Turnersville, NJ 08012