UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY AT CAMDEN
------------------------------------------------------------------------x
U.S. MATERIAL SUPPLY, INC.,                                    05-CV-2605 (JBS)

                Plaintiff,

    -against-

KOREA EXCHANGE BANK, and KEB NY
FINANCIAL CORP, as successor in interest
to Korea Exchange Bank New York Branch,

                Defendants.
------------------------------------------------------------------------X

## DEFENDANT KEB NY FINANCIAL CORP.'S BRIEF IN SUPPORT OF ITS MOTION FOR **RECONDISERATION**

**JOHN M. FALZONE, JR.**
Local Attorney for defendant
KEB NY Financial Corp.
800 Inman Avenue
Colonia, New Jersey 07067
(732) 827-0670

**SILVERMAN PERLSTEIN & ACAMPORA LLP**
Attorneys for defendant
KEB NY Financial Corp.
100 Jericho Quadrangle, Suite 300
Jericho, New York 11753
(516) 479-6300

rja/D212680v/F050886

**TABLE OF CONTENTS**

PRELIMINARY STATEMENT……………………………………………..……………1

STATEMENT OF FACTS………………………………………………………………1

ARGUMENT……………………………………………………………………………2

      I.      THE STANDARD FOR A MOTION FOR RECONSIDERATION
           OR REARGUMENT………………………………………………………2

      II.     PLAINTIFF'S THIRD CLAIM FOR RELIEF SHOULD BE DISMISSED
           AGAINST FINANCIAL BECAUSE THE COURT MISAPPLIED THE
           FACTS………………………………………………………………….... 3

CONCLUSION………………………………………………………………………….5

## TABLE OF AUTHORITIES

### FEDERAL CASES

*Andros v. Gross*, 2005 U.S. Dist. LEXIS 35545, (D.N.J. 2005) ........................................ 2

### FEDERAL STATUTES

UCP 500 ............................................................................................................................ 4

**PRELIMINARY STATEMENT**

Defendant, KEB NY Financial Corp. ("Financial") by its attorneys, moves for an order (a) pursuant to the Local Civil and Criminal Rules of the United States District Court for the District of New Jersey Rule 7.1(i) ("Local Rule 7.1(i)") and Federal Rule of Civil Procedure ("FRCP") 60(b) in support of Financial's motion (a) for reconsideration of the Court's memorandum opinion and order, both entered on February 27, 2006 (the "Decision") that denied Financial's motion for an order pursuant to FRCP 12(b)(6) dismissing plaintiff's third claim for relief because it failed to allege that Korea Exchange Bank, New York Branch ("Branch"), Financial's alleged predecessor, which was solely the advising or collecting bank under plaintiffs' letter of credit, had any obligation to make payment thereunder, and (b) for such other and further relief as this Court deems just and proper.

Branch and Financial are, admittedly, separate and different entities.  Under UCP 500, Branch would <u>not</u> be liable to plaintiff, because Korea Exchange Bank in Seoul is the issuing bank upon the letter of credit.  Thus, because Branch does not have any payment obligations under the letter of credit, Financial, as its alleged successor, cannot have any similar obligation. Under those circumstances, neither Branch nor Financial have any liability to plaintiff and its third claim for relief should be dismissed in its entirety

**STATEMENT OF FACTS**

Plaintiff, U.S. Material Supply, Inc. filed this action against Korea Exchange Bank, located in Seoul, Korea, and against Financial alleging that, as beneficiary of a letter of credit, plaintiff had not been paid.  Plaintiff alleges in its complaint (**Exhibit A**) that it "contracted with Defendant Korea Exchange Bank by entering into a written Letter of Credit Agreement whereby Defendant was to remit payment, through its agent, Korea Exchange Bank New York Branch, in the sum of $338,162.40 upon Plaintiff's submission of certain documentation."  Plaintiff further alleges that it submitted the appropriate documentation to Branch, but that it was not paid, despite repeated demand.  Plaintiff also alleges that Financial is a successor to Branch, and

that because the Branch did not pay upon the letter of credit, Financial, as Branch's successor, is obligated to make payment thereunder.

Branch did not issue the letter of credit and was merely the advising or collecting bank, and not the issuing bank. As such, Branch had no obligation to plaintiff under the letter of credit. Thus, even if Financial is a successor to Branch (which Financial does not concede), Financial cannot be obligated to plaintiff upon the facts as alleged in the complaint because neither it nor its alleged predecessor, had any obligation to plaintiff.

## **ARGUMENT**

### **I.**

### **THE STANDARD FOR A MOTION FOR RECONSIDERATION OR REARGUMENT**

As this Court held in <u>Andros v. Gross</u>, 2005 U.S. Dist. LEXIS 35545, 6-7 (D.N.J. 2005):

> A party seeking reconsideration must show more than a disagreement with the court's decision, and recapitulation of the cases and arguments considered by the court before rendering its original decision fails to carry the moving party's burden. Instead, to justify relief on a motion for reconsideration, the moving party must show:
>
> (1) an intervening change in the controlling law;
>
> (2) the availability of new evidence that was not available when the court granted the motion for summary judgment; or
>
> (3) the need to correct a clear error of law or fact or to prevent manifest injustice.
>
> Motions for reargument succeed only where a dispositive factual matter or controlling decision of law was presented to the Court but not considered. Where no facts or cases were overlooked, the motion must be denied. If the record was inadequately developed on a particular issue, the court has discretion to reconsider the matter, but not to the extent of considering new evidence that was available but not submitted while the motion was pending.
> (internal citations and quotations omitted)

**II.**

**PLAINTIFF'S THIRD CLAIM FOR RELIEF SHOULD
BE DISMISSED AGAINST FINANCIAL BECAUSE THE
COURT MISAPPLIED THE FACTS**

Financial's motion for reconsideration should be granted to correct errors of fact in the Decision.

Although the Court held that, at this juncture, it was not "able to conclude that KEB NY Financial Corp. acted solely as an advising bank in connection with this letter of credit transaction, or whether, as the Second Amended Complaint alleges, it is the successor of Korea Exchange Bank, the issuer of the letter of credit" (Decision, p.11), the documentary evidence submitted in connection with the motion clearly establishes that Financial and/or Branch, are not directly liable upon the letter of credit.  The written request to Financial with respect to processing the letter of credit specifically states that "this letter is solely on advice of a letter of credit issued by the above mentioned corresponds and conveys no engagement by us." **Exhibit B**.

Further, in denying Financial's motion to dismiss, this Court held that

> The threshold question in determining whether KEB NY Financial should be shielded from this lawsuit to enforce obligations performable under the letter of credit issued by Korea Exchange Bank, is whether the two banks are separate entities. (citation omitted).  Defendant KEB NY Financial asserts that as a branch of Defendant Korea Bank, the two banks should be treated separately."  (Decision, p.10)

There is no allegation that Financial is a bank.  Financial never argued or asserted that it was a branch of Korea Exchange Bank.  To the contrary, Financial is not a bank, and accordingly, it is undisputable that Korea Exchange Bank and Financial are separate entities.

Moreover, this Court recognized, in its first footnote on page 3 of the Decision that

> Plaintiff filed this action against Defendant KEB NY Financial Corp. as the successor in interest to the New York Branch of Korea Exchange Bank.  According to its website, Korea Exchange Bank sold the New York branch's assets and liabilities to Defendant

>KEB NY Financial Corp. in 2004, subsequent to the letter of credit transaction. . ."

Assuming, arguendo, that Financial purchased the assets and liabilities of Branch, the complaint did not allege that that purchase included the letter of credit at issue in this action.

Financial argued that, assuming, arguendo, that it was a successor to Branch, whatever that nomination meant, it was still, not liable under the letter of credit.  Pursuant to UCP 500, Branch, if it existed, would not be liable pursuant to the letter of credit because Article 2 of UCP 500, which is the controlling law with respect to the letter of credit in this action, provides that:

>**Article 2**
>Meaning of Credit
>
>For the purposes of these Articles, the expressions "Documentary Credit(s)" and "Standby Letter(s) of Credit" (hereinafter referred to as "Credit(s)") mean any arrangement, however named or described, whereby a bank (the "Issuing Bank") acting at the request and on the instructions of a customer (the "Applicant") or on its own behalf,
>
>I.   is to make payment to or to the order of a third party(the "Beneficiary"), or is to accept and pay bills of exchange (Draft(s)) drawn by the Beneficiary, or
>II.  authorise **another bank** to effect such payment, or to accept and pay such bills of exchange (Draft(s)), or
>III. authorise **another bank** to negotiate, against stipulated document(s), provided that the terms and conditions of the Credit are complied with.
>
>**For the purposes of these Articles, branches of a bank in different countries are considered another bank.**  (all emphasis added.)

Thus, for the purposes of the letter of credit in this case, because Branch must be considered to be "another bank" entirely separate and apart from Korea Exchange Bank, with independent rights and obligations, even if Financial was its "successor," it would still not be liable to plaintiff pursuant to the letter of credit.

Accordingly, it is irrelevant whether Financial is a successor to Branch, or a branch of Korea Exchange Bank.  In either event, under the UCP, Financial is not liable to plaintiff.

## **CONCLUSION**

Based upon the foregoing, it is respectfully requested this Court reconsider Financial's motion to dismiss, and that upon reconsideration, grant Financial's motion in its entirety.

Dated: Colonia, New Jersey
       March __, 2006                       Respectfully submitted,

                                              **JOHN M. FALZONE, JR.**
                                              Local Attorney for KEB NY Financial Corp.

                            By:    s/ John M. Falzone, Jr.
                                                John M. Falzone, Jr.
                                                800 Inman Avenue
                                                Colonia, New Jersey  07067
                                                (732) 827-0670

Dated: Jericho, New York            **SILVERMAN PERLSTEIN & ACAMPORA LLP**
       March __, 2006                       Attorneys for defendant KEB NY Financial Corp.

                            By:    s/ Robert J. Ansell
                                                Robert J. Ansell
                                                A Member of the Firm
                                                100 Jericho Quadrangle, Suite 300
                                                Jericho, New York 11753
                                                (516) 479-6300