Benjamin P. De Sena
Attorney at Law
P.O. Box 3331
Wayne, New Jersey 07474
973-904-0052
Attorney for Defendant
KEB NY Financial Corp.

_____

        IN THE UNITED STATES DISTRICT COURT
          FOR THE DISTRICT OF NEW JERSEY

| | | |
|---|---|---|
| U.S. MATERIAL SUPPLY, INC., | : | |
| | : | CIVIL ACTION: 05-CV-2605 (JBS) |
| Plaintiff | : | |
| | : | |
| v. | : | |
| | : | |
| KOREA EXCHANGE BANK, and | : | ANSWER OF DEFENDANT |
| KEB NY FINANCIAL CORP, as | : | KEB NY FINANCIAL |
| successor in interest to Korea | : | CORP TO SECOND AMENDED |
| Exchange Bank, New York Branch | : | COMPLAINT |
| | : | |
| Defendants | : | |

_____

    Defendant KEB NY Financial Corp., by way of answer to plaintiff's second

1

amended complaint, says:

     1. Defendant is without knowledge sufficient to form a belief as to the trust or falsity of plaintiff's allegations, and leave plaintiff to its proofs.

     2. Allegations of this paragraph do not refer to this defendant and thus are not fully responded to. In addition, upon information and belief, defendant believes that said defendant Korea Exchange Bank was not doing business in the United States of America.

     3. Denied except to admit that this defendant is organized and existing under the laws of the United States of America having a principal place of business at 460 Park Avenue, New York, New York.

     4. Defendant repeats and incorporates all prior responses contained herein.

     5. Denied as this defendant does not accept plaintiff's characterization of events and documents and leaves the plaintiff to its proofs. Reference is made to the actual documents as attached thereto as to the contents thereof.

     6. Denied as this defendant does not accept plaintiff's characterization of events and documents and leaves the plaintiff to its proofs. Reference is made to the actual documents as attached thereto as to the contents thereof.

     7. Denied as this defendant does not accept plaintiff's characterization of events and documents and leaves the plaintiff to its proofs. Reference is made to the actual documents as attached thereto as to the contents thereof.

     8. Denied.

     9. Denied as this defendant does not accept plaintiff's characterization of

events and documents and leaves the plaintiff to its proofs.   Reference is made to the actual documents as attached thereto as to the contents thereof.

## Count One

10.  Defendant repeats and incorporates all prior responses contained herein.

11. Denied.

12. Denied.

13. Denied.

14. Denied.

15. Denied.

16. Denied.

## Count Two

17.  Defendant repeats and incorporates all prior responses contained herein.

18.  Denied as this defendant does not accept plaintiff's characterization of events and documents and leaves the plaintiff to its proofs.   Reference is made to the actual documents as attached thereto as to the contents thereof.

19.  Denied as this defendant does not accept plaintiff's characterization of events and documents and leaves the plaintiff to its proofs.   Reference is made to the actual documents as attached thereto as to the contents thereof.

20. Denied.

21. Denied.

22. Denied.

23. Denied.

24. Denied, except to admit that this defendant, upon information and belief, believes that the plaintiff did demand payment from Korea Exchange Bank.

25. Denied.

26. Denied.

## Count Three

27. Defendant repeats and incorporates all prior responses contained herein.

28. Denied.

29. Denied.

30. Denied.

31. Denied.

32. Denied.

33. Denied.

## AFFIRMATIVE DEFENSES

1. Plaintiff's complaint should be dismissed and/or this defendant is entitled to judgment in its favor due to the bar of the applicable statute of limitations.

2. Plaintiff's complaint should be dismissed and/or this defendant is entitled to judgment in its favor as said complaint fails to state a claim upon which relief can be granted.

3. Plaintiff's complaint should be dismissed and/or this defendant is entitled to judgment in its favor as plaintiff failed to comply with all of the terms, covenants and conditions of the letter of credit.

4. Plaintiff's complaint should be dismissed and/or this defendant is entitled to judgment in its favor as plaintiff failed to satisfy all conditions precedent to payment under the letter of credit.

5. Plaintiff's complaint should be dismissed and/or this defendant is entitled to judgment in its favor due to failure of consideration.

6. Plaintiff's complaint should be dismissed and/or this defendant is entitled to judgment in its favor pursuant to the provisions of the Uniform Customs and Practice for Documentary Credits (1993 Rev.) (ICC Pub No. 500).

7. Plaintiff's complaint should be dismissed and/or this defendant is entitled to judgment in its favor due to the fact that Korea Exchange Bank is a necessary party pursuant to F.R.C.P. 19.

8. Plaintiff's complaint should be dismissed and/or this defendant is entitled to judgment in its favor as there was no contractual relationship between plaintiff

and this defendant.

    WHEREFORE, defendant KEB NY Financial Corp. demands that plaintiff's complaint be dismissed., as to all counts, with prejudice, and with an award of costs and attorney fees in favor of this defendant.


Dated:  January 8, 2007            <u>s/s Benjamin P. De Sena</u>
                                                Benjamin De Sena, attorney for defendant KEB NY Financial Corp.