NOT FOR PUBLICATION

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| U.S. MATERIAL SUPPLY, INC., | HON. JEROME B. SIMANDLE |
| Plaintiff, | Civil No. 05-2605 (JBS) |
| v. | |
| KOREA EXCHANGE BANK, and KEB NY FINANCIAL CORP., as successor in interest to Korea Exchange Bank New York Branch, | **MEMORANDUM OPINION** |
| Defendants. | |

**Simandle, District Judge**:

   1.  This matter is before the Court on the motion for summary judgment [Docket Item 38] by Defendant KEB NY Financial Corp. ("KEB NY").[1]

   2.  On or about September 3, 2003, a letter of credit was issued by Korea Exchange Bank, Business Division, Seoul, Korea as documentary credit number M0601309GS90058 (the "Letter of Credit"). As the Letter of Credit indicates, it was issued by "Korea Exchange Bank" with an address of "CPO BOX 2924, Seoul, Korea" and was issued out of Seoul, Korea. The Letter of Credit

---

[1] The following facts set forth in KEB NY's statement of material facts, pursuant to L. Civ. R. 56.1, were not disputed by Plaintiff. The Court discussed the allegations of the Complaint and the law regarding letters of credit in its February 27, 2006 Opinion in this matter. U.S. Material Supply, Inc. v. Korea Exchange Bank, et al., 417 F. Supp. 2d 652 (D.N.J. 2006).

states that it was issued at the request of its customer, which was the Defense Procurement Agency, Ministry of National Defense, Republic of Korea.  The Letter of Credit designates the beneficiary as US Material Supply Inc., the plaintiff in this action ("Plaintiff").  The Letter of Credit indicates in line 78 thereof that it is payable through "any bank."

     3.   The Letter of Credit is payable out of Seoul, Korea and it indicates that documents for negotiation under the Letter of Credit must be presented to the issuer at Korea Exchange Bank, Business Division, 181, Ulchiro 2-KA, Chung-Ku, Seoul, 100-793, Republic of Korea by registered airmail/courier service.

     4.   The Letter of Credit provides that it is subject to the provisions of the Uniform Customs and Practices for Documentary Credits, 1993 revision, ICC Publication No. 500 (hereinafter referred to as the "UCP").

     5.   The Letter of Credit was not issued or confirmed by any New York bank or any other bank located in the United States and was not payable within the United States, but rather required negotiation documentation to be presented to the issuer in Seoul, Korea, as set forth in the Letter of Credit.

     6.   On March 9, 2004, Korea Exchange Bank, New York Branch, located at 460 Park Avenue, New York, New York issued an "advice of documentary credit" to Plaintiff and undertook to act as an "advising bank" for the Letter of Credit, pursuant to advice no.

5623 ADV 030911239.  (Ex. B to Youn Chul Kang Cert.)

7.  Korea Exchange Bank, New York Branch was a foreign branch of Korea Exchange Bank, Seoul, Korea, located in New York, New York.  Said "advice of credit" indicated that the issuer was Korea Exchange Bank, H.O. (head office), Business Div. and the Letter of Credit itself indicated that the said issuer was located in Seoul, Korea.

8.  The advice of credit from Korea Exchange Bank, New York Branch also provided as follows: "This letter is solely an advise of a letter of credit issued by the above mentioned corresponds and conveys no engagement by us".  The said advice of credit also provides that "The enclosed letter of credit is subject to the Uniform Customs and Practice for Documentary Credit (1993 rev.) ICC 500", which is the same provision as contained in the Letter of Credit itself.

9.  Following issuance of the Letter of Credit, Plaintiff was not paid pursuant to the Letter of Credit by the issuer, Korea Exchange Bank, Seoul, Korea due to alleged deficiencies in the documents which were presented, as not being in accordance with the terms and requirements of the Letter of Credit.

10.  On March 12, 2004, the defendant KEB NY Financial Corp. ("Defendant" or "KEB NY") executed a purchase and assumption agreement and agreed to purchase certain of the assets and undertook certain of the liabilities of Korea Exchange Bank, New

York Branch.  A copy thereof is attached as Exhibit C to the Certification of Youn Chul Kang submitted herewith.  The Bill of Sale dated April 9, 2004 specifically lists the assets being purchased and the liabilities being assumed or transferred.  (Ex. D to Youn Chul Kang Cert.)

11.  The purported liability upon which Plaintiff has commenced this action, that is, liability pursuant to the Letter of Credit which forms the subject matter of this action, is not listed therein as a liability which was transferred pursuant to the purchase by KEB NY.

12.  KEB NY is a wholly-owned subsidiary of Korea Exchange Bank, which is a corporation organized under the laws of the Republic of Korea, and is located in Seoul, Korea.  The defendant KEB is not a chartered bank but rather is a financial services corporation, incorporated under the laws of the State of Delaware and authorized to conduct business in the State of New York.

13.  By Order of this Court, entered February 27, 2006, upon a motion to dismiss for lack of jurisdiction, this court dismissed Plaintiff's action as against Korea Exchange Bank, Seoul, Korea "without prejudice to plaintiff's right to pursue its claim in a court of competent jurisdiction." U.S. Material Supply, Inc. v. Korea Exch. Bank, 417 F. Supp. 2d 652, 660-61 (D.N.J. 2006).

14.  The February 27, 2006 Opinion also denied KEB NY'S

motion to dismiss pursuant to Rule 12(b)(6), finding that it could not determine on the pleadings whether Korea Exchange Bank and KEB NY were separate entities or whether, as Plaintiff alleges, KEB NY is a successor to Korea Exchange Bank, the issuer of the letter of credit.  Id. at 658.

15.  It is Plaintiff's position that as the New York Branch was wholly owned by Korea Exchange Bank, the two should be treated as one and the same for purposes of liability as issuer of the Letter of Credit.  Plaintiff argues that the Korea Exchange Bank, New York Branch was not merely acting as an agent of Korea Exchange Bank, but is a part of Korea Exchange Bank, and therefore shares in the obligation under the Letter of Credit.

16.  Plaintiff further alleges that the moving defendant here, KEB NY, is the successor-in-interest to the Korea Exchange Bank, New York Branch and that, therefore, summary judgment for KEB NY is not appropriate.

17.  Because Plaintiff's theories of liability as to KEB NY derive from the alleged liability of Korea Exchange Bank, New York Branch, Defendant KEB NY is entitled to summary judgment if the Court determines as a matter of law either that (1) Korea Exchange Bank, New York Branch had no liability on this letter of credit or that (2) KEB NY is not the successor in interest for any such liability.  In other words, at trial Plaintiff would have the burden of proving by the preponderance of the evidence

that KEB NY is liable on the Letter of Credit.  At this stage, Plaintiff must point to evidence from which a jury could make that finding.

18.   Summary judgment is appropriate when the materials of record "show that there is no genuine issue of material fact and that the moving party is entitled to judgment as a matter of law."  Fed. R. Civ. P. 56(c).  A dispute is "genuine" if "the evidence is such that a reasonable jury could return a verdict for the non-moving party."  Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986).  A fact is "material" only if it might affect the outcome of the suit under the applicable rule of law. Id.  In deciding whether there is a disputed issue of material fact, the court must view the evidence in favor of the non-moving party by extending any reasonable favorable inference to that party; in other words, "[t]he nonmoving party's evidence 'is to be believed, and all justified inferences are to be drawn in [that party's] favor.'" Hunt v. Cromartie, 526 U.S. 541, 552 (1999)(quoting Liberty Lobby, 477 U.S. at 255).  The threshold inquiry is whether there are "any genuine factual issues that properly can be resolved in favor of either party."  Liberty Lobby, 477 U.S. at 250; Brewer v. Quaker State Oil Refining Corp., 72 F.3d 326, 329-30 (3d Cir. 1995)(citations omitted). The moving party always bears the initial burden of showing that no genuine issue of material fact exists, regardless of which

party ultimately would have the burden of persuasion at trial. See Celotex Corp., 477 U.S. 317, 323 (1986). However, the non-moving party "may not rest upon the mere allegations or denials of" its pleading in order to show the existence of a genuine issue. Fed. R. Civ. P. 56(e).

    19.  "Although entitled to the benefit of all justifiable inferences from the evidence, the nonmoving party may not, in the face of a showing of a lack of a genuine issue, withstand summary judgment by resting on mere allegations or denials in the pleadings; rather, that party must set forth 'specific facts showing that there is a genuine issue for trial,' else summary judgment, 'if appropriate,' will be entered." U.S. v. Premises Known as 717 South Woodward Street, Allentown, Pa., 2 F.3d 529, 533 (3d Cir. 1993) (quoting Fed. R. Civ. P. 56(e))(citations omitted).

    20.  "Rule 56(c) mandates the entry of summary judgment, after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial. In such a situation, there can be 'no genuine issue as to any material fact,' since a complete failure of proof concerning an essential element of the nonmoving party's case necessarily renders all other facts immaterial." Celotex Corp., 477 U.S. at 322-23.

21.  In this case, the evidence indicates that Korea Exchange, New York Branch was merely the advising bank for purposes of this transaction.  Accordingly, it was not liable on the obligations in the Letter of Credit.  See U.S. Material Supply, 417 F. Supp. 2d at 655-56 (explaining role of advising bank).

22.  Plaintiff asserts, without reference to any facts or evidence, that Korea Exchange Bank, New York Branch assumed liability for the Letter of Credit by stepping into the role of a confirming bank.  As this Court has explained,

> A bank acting as an advising bank may become directly obligated on an existing letter of credit if it also acts as a "confirming bank." A "confirmer" is "a nominated person who undertakes, at the request or with the consent of the issuer, to honor a presentation under a letter of credit issued by another." N.J.S.A. 12A:5-102(a)(4). "A confirmer is directly obligated on a letter of credit and has the rights and obligations of an issuer to the extent of its confirmation. N.J.S.A. 12A:5-107(a). A confirming bank "engages either that it will itself honor a credit already issued by another bank or that such a credit will be honored by the issuer or a third bank." Id. (quoting Article 5 § 5-103(a)).

Id. at 656.

23.  However, on a motion for summary judgment, mere assertion is not enough.  Furthermore, Plaintiff alleges only that Korea Exchange Bank, the issuer of the Letter of Credit, gave Korea Exchange Bank, New York branch permission to act as a

confirmer, if it so elected. (Pl. Br. at 9.)  Plaintiff does not assert that Korea Exchange Bank, New York branch made such an election, or otherwise undertook to honor the Letter of Credit. Accordingly, no reasonable jury could find on the record before the Court that Korea Exchange Bank, New York branch was a confirming bank.

24. Plaintiff's only other argument in support of its claim that Korea Exchange Bank, New York branch was liable for the Letter of Credit issued by Korea Exchange Bank is that because Korea Exchange Bank, New York branch was a wholly-owned subsidiary of Korea Exchange Bank, the subsidiary should be liable for the Letter of Credit issued by its parent.  (Pl. Br. at 5) ("The New York Branch ... is a part of Korea Exchange Bank, and therefore shares in the obligation under the Letter of Credit.")  Plaintiff cites to Korea Exchange Bank's website and other sources to show that relationship between Korea Exchange Bank, New York branch and Korea Exchange Bank.  However, as KEB NY convincingly explains in its motion and reply papers, with citation to legal authority, such a relationship does not make the subsidiary liable for the Letters of Credit issued by the parent.  While Plaintiff claims baldly that the law KEB NY cites should not apply, Plaintiff does not indicate what law should apply or otherwise articulate any legal theory that would entitle it to recovery against a subsidiary advising bank.

25.  Because Plaintiff would have the burden at trial of proving that Korea Exchange Bank, New York branch was liable on this Letter of Credit and that moving defendant KEB NY assumed that liability as a successor to Korea Exchange Bank, New York branch, and because Plaintiff has failed to provide or point to any evidence of the New York branch's liability, the Court must grant summary judgment to KEB NY.  An appropriate Order shall be entered.


**August 7, 2008**                                **s/ Jerome B. Simandle**
Date                                              JEROME B. SIMANDLE
                                                  U.S. District Judge